**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KYKHOSRO NOTASH,

*Petitioner,*

v.

ALBERTO R. GONZALES,* Attorney
General,

*Respondent.*

No. 03-72116

Agency No.
A46-115-800

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 10, 2005—San Francisco, California

Filed November 2, 2005

Before: John T. Noonan, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Tashima

---

*Alberto R. Gonzales is substituted for his predecessor, John Ashcroft,
as Attorney General of the United States, pursuant to Fed. R. App. P.
43(c)(2).

15021

**COUNSEL**

Dorothea P. Kraeger, Phoenix, Arizona, for the petitioner.**

Regina Byrd, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

**OPINION**

TASHIMA, Circuit Judge:

Kykhosro Notash, a native and citizen of Iran, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), affirming without opinion the decision of the Immigration Judge ("IJ"). The IJ concluded that Notash's conviction for attempted entry of goods by means of a false statement, in violation of 18 U.S.C. § 542, constituted a crime of moral turpitude for purposes of Immigration and Nationality Act ("INA") § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i). The IJ consequently found Notash removable, but granted voluntary departure in lieu of removal pursuant to INA § 240B, 8 U.S.C. § 1229c. For the reasons explained below, we grant the petition.

---

**Concurrently with the filing of this opinion, we grant Ms. Kraeger's motion to withdraw as counsel of record for petitioner.

## BACKGROUND

Notash was admitted to the United States in October 1997. The Notice to Appear charged that Notash committed the offense of attempted entry of goods by means of a false statement, in violation of 18 U.S.C. § 542.[1] Notash conceded the conviction. His sole contention is that the conviction was not for a crime involving moral turpitude; therefore, that the conviction did not render him deportable pursuant to INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i).

At his hearing before the IJ, Notash explained that, when completing his customs declaration form, he had left a line relating to foreign goods blank because he was not sure how to declare the items. Customs officials thought that he was attempting to avoid payment of duty on the goods and charged him under 18 U.S.C. § 542. Notash, however, paid the duty and received the items back.

Notash thus argued that his conviction was not for a crime involving moral turpitude. He contended that, although crimes involving fraud generally are considered to involve moral turpitude, crimes involving false statements are not categorically considered to involve moral turpitude. He further argued that, unlike cases involving moral turpitude, his offense did not involve "clear deceit" and an attempt to obtain a property interest to which he was not entitled.

The IJ rejected Notash's arguments. The IJ stated that conviction under § 542 required an attempt to "deprive the United States of revenue by fraud or false statement *or* engage in a willful act or omission by which the United States may be deprived of lawful duties." Reasoning that "[f]raud and maliciousness are inherent in these offenses," the IJ concluded that

---

[1]The Notice To Appear states that Notash was convicted of this offense on September 27, 1997, although that date clearly is wrong and probably should be September 27, 1999.

Notash's conviction was a crime involving moral turpitude because "[e]vil intent is the very essence of moral turpitude." The IJ accordingly concluded that Notash was removable. The BIA affirmed without opinion, pursuant to 8 C.F.R. § 1003.1. Notash filed a timely petition for review.

## JURISDICTION

**[1]** Our jurisdiction rests on INA § 242, 8 U.S.C. § 1252. Section 1252(a)(2)(C) limits this court's jurisdiction over petitions for review of final orders of removal based on certain enumerated crimes. It provides, in part, that,

> except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C. § 1252(a)(2)(C). Subparagraph (D) was added in May 2005 by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. It provides, in part, that the limits on judicial review found in subparagraph (C) do not preclude "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D).

**[2]** The determination of whether an offense is a crime involving moral turpitude is a question of law and accordingly is not subject to the jurisdiction-stripping provision of § 1252(a)(2)(C). *See Carty v. Ashcroft*, 395 F.3d 1081, 1083 (9th Cir. 2005), (stating that "[w]hether a state statutory crime necessarily involves moral turpitude is a question of law, sub-

ject to *de novo* review"), *cert. denied*, ___ S. Ct. ___, 73 U.S.L.W. 3725 (U.S. Oct. 3, 2005); *Goldeshtein v. INS*, 8 F.3d 645, 647 n.4 (9th Cir. 1993) (stating that "[w]hether a statute defines a crime involving moral turpitude is a question of law"). Thus, we have jurisdiction over Notash's petition for review under INA § 242(b)(1), 8 U.S.C. § 1252(b)(1).

## STANDARD OF REVIEW

Because the BIA affirmed the decision of the IJ without opinion, we review the decision of the IJ. *Ndom v. Ashcroft*, 384 F.3d 743, 750 (9th Cir. 2004). " 'The question of whether a conviction under federal law is a deportable offense is reviewed de novo.' " *Randhawa v. Ashcroft*, 298 F.3d 1148, 1151 (9th Cir. 2002) (quoting *Albillo-Figueroa v. INS*, 221 F.3d 1070, 1072 (9th Cir. 2000)).

## DISCUSSION

## I.

The Immigration and Naturalization Service ("INS")[2] contends that Notash failed to raise below the issue he raises in his petition for review and that he accordingly has waived the issue. Generally, we lack jurisdiction over claims that the petitioner fails to present to the IJ or the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (discussing the requirement of administrative exhaustion found in 8 U.S.C. § 1252(d)). However, the INS' contention, as well as its complete failure to address Notash's arguments on the merits, is difficult to understand. Notash argued before the IJ that, although he admitted the factual allegations of the charge, the crime did not involve moral turpitude. He also argued to the BIA that his crime did not involve moral turpitude.

---

[2]The INS has been abolished and its functions transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2142 (2002), 6 U.S.C. §§ 101-557. We will refer to the government agency as the INS.

The INS contends that the IJ found that Notash was convicted under the first paragraph of 18 U.S.C. § 542 and that Notash did not challenge that finding below. Notash does argue that the IJ should have considered the second paragraph of the statute. He also argues, however, as he did before the IJ and the BIA, that crimes involving false statements are not categorically crimes involving moral turpitude. He has not waived the issue; he raised it sufficiently below. We therefore address the merits of his claim.

## II.

**[3]** INA § 237 defines classes of removable aliens and makes removable an alien who "is convicted of a crime involving moral turpitude within five years . . . after the date of admission" and "is convicted of a crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i). In determining whether a conviction constitutes a removable offense, we apply the categorical approach, looking only to the statutory definition of the offense. *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004). If it is not clear from the statutory definition whether the offense is a qualifying offense, we apply the modified categorical approach, in which we "may look beyond the language of the statute to a narrow, specified set of documents that are part of the record of conviction." *Id.* Those documents include " 'the state charging document, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding and the judgment.' " *Ferreira v. Ashcroft*, 390 F.3d 1091, 1095 (9th Cir. 2004) (quoting *Hernandez-Martinez v. Ashcroft*, 343 F.3d 1075, 1076 (9th Cir. 2003)); *cf. Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005) (holding that a sentencing court may look only to the charging document, the plea agreement, and the plea colloquy in determining whether a guilty plea to burglary constituted a predicate offense for purposes of the Armed Career Criminal Act). If the record of conviction does not establish that the offense is a qualifying offense, the government has failed to meet its

burden, and the offense may not be used as a basis for removal. *Ferreira*, 390 F.3d at 1095; *Tokatly*, 371 F.3d at 620-21.

## III.

Notash was convicted under 18 U.S.C. § 542, which provides, in pertinent part:

> Whoever enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or makes any false statement in any declaration without reasonable cause to believe the truth of such statement, or procures the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall or may be deprived of any lawful duties; or

> Whoever is guilty of any willful act or omission whereby the United States shall or may be deprived of any lawful duties accruing upon merchandise embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission —

> Shall be fined for each offense under this title or imprisoned not more than two years, or both.

18 U.S.C. § 542.

[4] The first paragraph of the statute criminalizes certain false or fraudulent statements, without regard to whether those statements will result in a loss of revenue to the United

States. By contrast, the second paragraph criminalizes "any willful act or omission" that may deprive the United States of revenue, whether or not those acts are false or fraudulent.

**[5]** The record contains no evidence that indicates under which paragraph Notash was convicted. Because the government bears the burden of proving " 'by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true,' " *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005) (quoting *Gameros-Hernandez v. INS*, 883 F.2d 839, 841 (9th Cir. 1989)), the order of removal may be upheld only if a conviction under either prong of § 542 would qualify as a crime involving moral turpitude. We conclude that a conviction under the second paragraph of § 542 would not categorically qualify as a crime involving moral turpitude. Because of our conclusion regarding the second paragraph of § 542, it is unnecessary for us to address whether the first paragraph is categorically a crime involving moral turpitude.[3]

**[6]** "To involve moral turpitude, intent to defraud must be an 'essential element' of [Notash's] conviction." *Carty*, 395 F.3d at 1084 (quoting *Goldeshtein*, 8 F.3d at 647); *see also Winestock v. INS*, 576 F.2d 234, 235 (9th Cir. 1978) ("A crime having as an element the intent to defraud is clearly a crime involving moral turpitude."). Unlike the first paragraph, the second paragraph of § 542 does not require a false or fraudulent statement, which could indicate an intent to defraud. The IJ therefore relied on the fact that a conviction under the second paragraph requires willfulness, which he equated with evil intent.

**[7]** We have stated, however, that "[t]he word 'wilful'

---

[3]Contrary to the position of both Notash and the INS, the IJ did not focus solely on the first paragraph of the statute. Our review of the record reveals that the IJ found that a conviction under either paragraph of the statute would constitute a crime involving moral turpitude.

means no more than that the forbidden act is done deliberately and with knowledge." *Hirsch v. INS*, 308 F.2d 562, 567 (9th Cir. 1962). Thus, in *Hirsch*, we held that a conviction for willfully and knowingly making false and fraudulent statements on a shipper's export declaration did not constitute a crime involving moral turpitude. *Id.*; *see also Goldeshtein*, 8 F.3d at 648 (rejecting the INS' argument that "evil intent exists if a conviction requires proof that a defendant did a forbidden act 'willfully' "). Similarly, in *Goldeshtein*, we held that a conviction for willfully violating 31 U.S.C. § 5324(a)(3), which proscribes structuring a financial transaction for the purpose of evading federal reporting laws, "does not establish the evil intent required for a crime of moral turpitude." *Goldeshtein*, 8 F.3d at 648. Willfullness alone accordingly does not categorically indicate an intent to defraud.

**[8]** "We have held that '[e]ven if intent to defraud is not explicit in the statutory definition, a crime nevertheless may involve moral turpitude if such intent is implicit in the nature of the crime.' " *Carty*, 395 F.3d at 1084 (quoting *Goldeshtein*, 8 F.3d at 648) (alteration in original). In *Carty*, the petitioner was convicted of willful failure to file state income taxes, a conviction requiring the government to prove specific intent to evade taxes. Unlike *Goldeshtein*, "where the court found that willfully structuring transactions did not inherently involve fraud because it only deprived the government of information and did not obtain anything from the government," Carty "attempted to deprive the government of revenue—or, in other words, to obtain a free pass on taxes." *Id.*; *see also id.* at 1085 (reasoning that "the terms 'evasion' and 'fraud' have been treated interchangeably by California and the federal government").

**[9]** Unlike *Carty*, where the statute of conviction explicitly required the intent to evade taxes, § 542 does not require an intent to deprive the United States of revenue. Intent to defraud accordingly is neither explicit nor implicit in the nature of the crime. We therefore disagree with the IJ's con-

clusion that a conviction under this paragraph categorically is a crime involving moral turpitude.

*Jordan v. De George*, 341 U.S. 223 (1951), and *Matter of Flores*, 17 I. & N. Dec. 225 (BIA 1980), on which the IJ relied, are distinguishable. There was no question of an intent to defraud in *Jordan*, where the alien was twice convicted of violating 18 U.S.C. § 371.[4] Both charges included the intent to defraud the United States of tax. *See Jordan*, 341 U.S. at 224-25 (stating that the alien was charged, first, with possessing alcohol "with intent to sell it in fraud of law and evade the tax thereon" and with concealing liquor "with intent to defraud the United States of the tax thereon," and then with conspiring to "unlawfully, knowingly, and willfully defraud the United States of tax on distilled spirits").

*Flores* similarly involved a conviction for violating 18 U.S.C. § 371, as well as 18 U.S.C. § 1426(b), for uttering and selling false and counterfeit papers relating to registry of aliens, knowing the papers to be false or counterfeited. The BIA reasoned, first, that the alien's § 371 conviction did not involve moral turpitude because he "was convicted under that clause of the statute which merely prohibits any offense against the United States"; the intent to defraud the United States thus was not required for conviction. *Flores*, 17 I. & N. Dec. at 228. The BIA did conclude that the violation of 18 U.S.C. § 1426(b) was a crime involving moral turpitude because it involved "a deliberate deception of the government and an impairment of its lawful functions." *Id.* at 230. Unlike § 1426(b), however, which requires knowledge that the registry papers are false, § 542 does not require knowledge that the statement is false. Section 542 requires only that the defendant lack "reasonable cause to believe the truth of such statement" for a conviction under the first paragraph. 18 U.S.C. § 542. The second paragraph contains no intent requirement.

---

[4]18 U.S.C. § 371 proscribes a conspiracy "either to commit any offense against the United States, or to defraud the United States."

*Cf. Matter of Balao*, 20 I. & N. Dec. 440, 443 (BIA 1992) (holding that an alien's state conviction for issuing worthless checks was not a crime involving moral turpitude because, although the statute spoke of "the 'knowing' issuance of bad checks," it did not "expressly require intent to defraud as an element of the crime").

**[10]** Section 542 accordingly is overly inclusive because it criminalizes conduct that does not qualify as a crime involving moral turpitude. We accordingly must proceed to the modified categorical approach, which involves examining the record of conviction. *See Tokatly*, 371 F.3d at 620 (stating that if it is "not clear from the statutory definition of the prior offense whether that offense constitutes a removable offense," we apply the modified categorical approach).

**[11]** Unfortunately, none of the documents that may be examined under the modified categorical approach are in the record. *See Ferreira*, 390 F.3d at 1095 (stating that the record of conviction includes the state charging document, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding, and the judgment); *see also Shepard*, 125 S. Ct. at 1263. The only evidence in the record of Notash's conviction is the Notice to Appear, which states that, "on September 27, 1997, [Notash was] convicted in the United States District Court, Northern District of Texas for the offense of Count 2: Attempted Entry of Goods by Means of False Statement, committed on or about March 16, 1998 in violation of 18 USC 542." The government accordingly has failed to meet its burden of proving that the offense for which Notash was convicted "constitutes a predicate offense, and the conviction may not be used as a basis for removal." *Tokatly*, 371 F.3d at 620-21; *see also Ferreira*, 390 F.3d at 1095 ("If the record of conviction does not establish that the offense the petitioner committed qualifies as an aggravated felony, the government has not met its burden of proving that the defendant committed an aggravated felony.").

## CONCLUSION

Notash's conviction under § 542 is not an offense involving moral turpitude because the record does not disclose under which paragraph he was convicted, and a conviction can be obtained under the second paragraph without proof of evil intent or intent to defraud. His conviction therefore does not categorically qualify as a crime involving moral turpitude. Further, the government has failed to meet its burden under the modified categorical approach.

**PETITION FOR REVIEW GRANTED.**