Nourredine **GUEFROUDJ**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 03–73662.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2005.*

Decided Dec. 8, 2005.

---

Maziar Razi, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Carl H. McIntyre, Jr., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER and WARDLAW, Circuit Judges, and REED, District Judge.

### MEMORANDUM **

Nourredine Guefroudj, a native and citizen of Algeria, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Where the BIA summarily affirms an IJ's decision without opinion, as here, we review the IJ's decision. *See, e.g., Notash v. Gonzales,* 427 F.3d 693, 696 (9th Cir.2005). We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and dismiss in part Guefroudj's petition for review.

We lack jurisdiction to review Guefroudj's contention that the IJ erred in rejecting his equitable tolling argument and thus improperly denied his untimely application for asylum. Although required to file his application within one year of April 1, 1997, *see* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2)(ii), Guefroudj did not file until June 20, 2001. The IJ rejected Guefroudj's argument that his limitations period should have been tolled under 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 1208.4(a)(4) and (5) because of a material change in circumstances and/or because extraordinary circumstances caused his delay in filing. We lack jurisdiction to review IJ determinations of equitable tolling under § 1158(a)(2), including determinations that changed or extraordinary circumstances did not excuse the untimely filing of the application. 8 U.S.C. § 1158(a)(3); *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002), *as amend-*

---

** This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed R.App. P. 34(a)(2).

ed; see also *Ramadan v. Gonzales*, 427 F.3d 1218, 1221–22 (9th Cir.2005) (REAL ID Act's restoration of jurisdiction to review questions of law does not provide jurisdiction to review a fact-based challenge to an IJ's changed circumstances decision); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

▮ Guefroudj's contention that the IJ erred in denying withholding of removal because she ignored key evidence regarding the likelihood that Guefroudj would be persecuted for his political opinions and past political affiliations if he returned to Algeria lacks merit. "To qualify for withholding of removal, an alien must demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds." *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (internal quotation marks omitted). Because we review an IJ's factual findings for substantial evidence, see *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995), the IJ's decision cannot be disturbed unless it appears that no reasonable adjudicator could have concluded as the IJ did, see 8 U.S.C § 1252(b)(4)(B); *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir.2004) (quoting 8 U.S.C § 1252(b)(4)(B)).

The IJ considered evidence of Guefroudj's past political affiliations related to his union membership, injuries he suffered, persecution of his fellow activists, government attempts to locate him, and the Algerian government's ongoing repression of its people. Guefroudj had never been persecuted when he was in Algeria, and the last event that suggested the government might persecute Guefroudj occurred in 1997, four years before the removal hearing. The IJ found that Guefroudj's family was not subject to persecution, that he did not leave Algeria in 1991 because of fear of persecution, and that there was no reason to believe that

he had been singled out for abuse during the 1988 strike. In light of these findings, she correctly determined that Guefroudj "failed to establish that his life or freedom would be threatened on the basis of his political opinion." Her decision to deny withholding of removal was supported by substantial evidence. See, e.g., *Lim v. INS*, 224 F.3d 929, 938 (9th Cir.2000) (affirming denial of withholding of removal even though applicant had a reasonable fear of persecution, had received a death threat from a dissident political organization he had fought and testified against, and had three colleagues who had been murdered).

▮ Guefroudj also petitions the court to review the IJ's denial of relief under CAT. However this claim has not been administratively exhausted as Guefroudj did not raise it in the administrative notice of appeal nor in his appellate brief to the BIA. We may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Even if a petitioner has raised an issue to the IJ, the petitioner's failure to raise the issue before the BIA constitutes a failure to exhaust, depriving us of jurisdiction. *Camposeco–Montejo v. Ashcroft*, 384 F.3d 814, 821 (9th Cir.2004); see also *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir.2004) (exhaustion requirement applies even when the BIA issues a streamlined decision).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), Guefroudj's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed *nunc pro tunc* to the filing of the motion for stay of removal, and this stay will expire upon issuance of

the mandate. DENIED in part, DIS-MISSED in part.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).