Javier MARIN–GONZALEZ;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–72872.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

Javier Marin–Gonzalez, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

3. *See Ribitzki v. Canmar Reading & Bates, Ltd.,* 111 F.3d 658, 662 (9th Cir.1997).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**690**

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Joanne E. Johnson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Javier Marin–Gonzalez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' decision summarily affirming an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a criminal conviction constitutes a crime of moral turpitude, *Cuevas–Gaspar v. Gonzales*, 430 F.3d 1013, 1017 (9th Cir.2005), and other questions of law, *Notash v. Gonzales*, 427 F.3d 693, 696 (9th Cir.2005). We deny the petition for review.

The IJ correctly determined that Marin's conviction for robbery constitutes a crime of moral turpitude. *See Rashtabadi v. INS*, 23 F.3d 1562, 1568 (9th Cir.1994) (indicating that a theft conviction qualifies as a crime of moral turpitude). Moreover, Marin could not utilize the petty offense exception because he was convicted of a felony. *See Garcia–Lopez v. Ashcroft*, 334 F.3d 840, 843 (9th Cir.2003).

The IJ also correctly determined that Marin's conviction made him statutorily ineligible for cancellation of removal regardless of when the conviction occurred. *Compare* 8 U.S.C. § 1229b(b)(1)(C) (indicating that an applicant must prove that he has not been convicted of a crime of moral turpitude to qualify for cancellation of removal) *with* 8 U.S.C. § 1229(b)(1)(A)-(B) (indicating that an applicant must also show that he has maintained good moral character for the "10 years immediately preceding the date" of his application).

All remaining contentions also lack merit.

**PETITION FOR REVIEW DENIED**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

