Ramon Montemayor CANTU, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74193.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ramon Montemayor Cantu, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Andrew C. MacLachlan, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Ramon Montemayor Cantu, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order denying his application for cancellation of removal on the ground that Cantu had been convicted of a crime involving moral turpitude. We have juris-

___

** This disposition is not appropriate for publication and may not be cited to or by the

diction under 8 U.S.C. § 1252. We review de novo constitutional challenges and questions of law, *Notash v. Gonzales,* 427 F.3d 693, 696 (9th Cir.2005), and we deny the petition for review.

The BIA correctly determined that Cantu's conviction for grand theft constitutes a crime involving moral turpitude, *see Rashtabadi v. INS,* 23 F.3d 1562, 1568 (9th Cir.1994) (indicating that a theft conviction under Cal.Penal Code § 487.1 qualifies as a crime of moral turpitude), and that Cantu could not utilize the petty offense exception because he was convicted of a felony, *see Garcia–Lopez v. Ashcroft,* 334 F.3d 840, 843 (9th Cir.2003) (indicating that a California state criminal conviction is classified as a felony when the sentence imposed exceeds one year).

All remaining contentions are unpersuasive.

### PETITION FOR REVIEW DENIED