Antonio **GONZALEZ–LOPEZ,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 04–76352.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Filed April 21, 2006.

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Se-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**898**

curity, San Francisco, CA, Hillel Smith, Anthony W. Norwood, Esq., Erica B. Miles, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Antonio Gonzalez–Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision finding that Gonzalez–Lopez's conviction under 21 U.S.C. §§ 841(a)(1) and 846 for conspiracy to possess with intent to distribute, and conspiracy to distribute, marijuana and cocaine, constituted an aggravated felony. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review legal and constitutional questions de novo. *Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Gonzalez–Lopez's challenge to the IJ's aggravated felony determination because he failed to raise this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004) (explaining that exhaustion is jurisdictional); *see also Notash v. Gonzales,* 427 F.3d 693, 696 (9th Cir.2005) (administrative exhaustion is required for all contentions that this Court has jurisdiction over, unless the claim is purely constitutional in nature).

We have jurisdiction to consider Gonzalez–Lopez's equal protection challenge to INA § 212(c), because he was not required to exhaust it with the agency, *see Wang v. Reno,* 81 F.3d 808, 814–16 (9th Cir.1996) (constitutional issues that the BIA has no jurisdiction to decide are not subject to the exhaustion requirement), or to apply for relief under Section 212(c) to have standing to bring his constitutional claim, *see Taniguchi v. Schultz,* 303 F.3d 950, 957 (9th Cir.2002) (indicating that standing does not require an exercise in futility).

Gonzalez–Lopez's equal protection challenge fails because he is not similarly situated to permanent residents who retroactively became ineligible for Section 212(c) relief; Gonzalez–Lopez's crime constituted an aggravated felony at the time he committed it, so he was never eligible for relief under Section 212(c). *See* Antiterrorism & Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214; 8 U.S.C. § 1101(a)(43)(B) (1996–97); *cf. Cordes v. Gonzales,* 421 F.3d 889, 896–97 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.