**Teresa Flores BARAJAS, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**Teresa Flores Barajas, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

**Nos. 04–70866, 04–75596.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2006.

Filed Sept. 21, 2006.

---

** The Honorable Thelton E. Henderson, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

\* Alberto Gonzales is substituted for his predecessor as Attorney General. Fed.R.App. P.43(c)(2).

242

Teresa Flores Barajas, Ontario, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM **

Teresa Flores Barajas petitions for review of the Board of Immigration Appeals' (BIA's) denial of her motion to reconsider its previous summary affirmance of the Immigration Judge's (IJ's) order denying cancellation of removal (Case No. 04–70866). She also seeks review of the BIA's denial of her motion to reopen so she could apply for asylum based upon changed circumstances (Case No. 04–75596). Finally, Flores Barajas contends that she was denied due process of law by the IJ (Case No. 04–70866).

■ We find it clear that the denial of relief underlying the motion to reconsider was nondiscretionary, for the IJ relied on the petitioner's false claim to U.S. citizenship and stated that, under 8 U.S.C. § 1101(f), "a person shall not be found to be a person of good moral character if they make a false claim to U.S. citizenship." We therefore have jurisdiction to review whether the BIA abused its discretion in denying the motion to reconsider. *See Gomez–Lopez v. Ashcroft*, 393 F.3d 882, 884 (9th Cir.2005).

■ As both parties acknowledge, the IJ's reading of § 1101(f) is patently wrong: the section's only mention of false citizenship claims describes a certain context in which they may *not* form the basis for an adverse moral character determination.

In denying the motion to reconsider, the BIA nevertheless held that the IJ's error was harmless, on the basis that the IJ's additional citation to the catchall provision in § 1101(f) implied that the IJ reached the adverse moral character determination as a discretionary matter. We hold that, in so reasoning, the BIA abused its discretion. *See Yeghiazaryan v. Gonzales*, 439 F.3d 994, 998 (9th Cir.2006) (noting that "an abuse of discretion exists when the BIA acts arbitrarily, irrationally, or contrary to law") (internal citation and quotation marks omitted). The IJ's opinion is not rationally susceptible to the BIA's interpretation, for (even if the IJ's language had lent itself naturally to that reading) the BIA's interpretation requires an unlawful assumption—*i.e.*, that the IJ reached a permissible discretionary determination even though the IJ's exercise of discretion was "guided by erroneous legal conclusions" regarding § 1101(f). *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *see also Ma v. Ashcroft*, 361 F.3d 553, 557–58 (9th Cir. 2004) (noting that, where the BIA's denial of a motion to reconsider relies upon the reasoning in the previous order, we may examine that prior opinion).

■ We also have jurisdiction to review the BIA's denial of the motion to reopen, for Petitioner filed it in order to apply for asylum. *See Fernandez v. Gonzales*, 439 F.3d 592, 596–98, 602 (9th Cir.2006); *see also Medina–Morales v. Ashcroft*, 371 F.3d 520, 527 (9th Cir.2004). The BIA did not abuse its discretion in denying this motion. As the BIA noted, 8 C.F.R. § 1003.2(c)(1) required Petitioner to include the appropriate applications for relief with her motion, which she failed to do.[1]

■ Petitioner raises her due process claim for the first time on appeal. As she

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Konstantinova v. INS*, 195 F.3d 528 (9th Cir.1999) does not contravene this determination. In that case, we held that the BIA abused its discretion when it declined to waive the failure to attach an application when the INS either supported, or declined to oppose, the motion to reopen. *Id.* at 530–31. In this case, the INS opposed the motion.

failed to exhaust it, we lack jurisdiction over this issue. *See Agyeman v. INS,* 296 F.3d 871, 877 (9th Cir.2002) ("The exhaustion requirement applies to claims that an alien was denied a full and fair hearing.") (citation and internal quotations omitted). The same is true for Petitioner's argument that her false claim of citizenship was made outside the statutory time frame and her claim under the Convention Against Torture (CAT). *See Notash v. Gonzales,* 427 F.3d 693, 696 (9th Cir.2005).

PETITION in case no. 04–70866 GRANTED as to the good moral character determination, DISMISSED as to the due process and timing of false claim to citizenship issues and RE-MANDED.

PETITION in case no. 04–75596 DE-NIED as to the motion to reopen and DISMISSED as to the CAT claim.

Each party shall bear its costs on appeal.

BEA, Circuit Judge, concurring in part and dissenting in part:

I concur in the disposition except that I would dismiss the petition for review of the motion to reconsider for lack of jurisdiction. We must review only the IJ's order here because "the BIA [did] not perform an independent review of the IJ's decision and instead defer[red] to the IJ's exercise of his ... discretion." *Campos–Granillo v. INS,* 12 F.3d 849, 852 (9th Cir.1993). "Under [8 U.S.C. § 1252(a)(2)(B)(i)], we lack jurisdiction to review discretionary decisions in the cancellation of removal context." *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1005 (9th Cir.2003). Here, although the IJ erred by finding Flores Barajas fit within a *per se* category of aliens not to have good moral character, the IJ also recognized he had discretion to arrive at the same result by exercising his discretion. *See Kalaw v. INS,* 133 F.3d 1147, 1151 (9th Cir.1997) ("Apart from the per se categories, ... whether an alien has good moral character is an inquiry appropriate for the Attorney General's discretion."). Therefore, I would dismiss Flores Barajas's petition to review her motion to reconsider because we lack jurisdiction to review the IJ's exercise of discretion.