*651 MEMORANDUM *
Petitioners Diem Thi Huynh and Sang Van Nguyen, wife and husband, petition for review of the Board of Immigration Appeals’ (BIA) affirmance without opinion of an immigration judge’s (IJ) determinations that they are inadmissible and not entitled to relief from removal. We have jurisdiction to review these petitions, now consolidated, under 8 U.S.C. § 1252(a). We review the IJ’s decisions, because the BIA affirmed the IJ’s decisions without opinion. Ndom v. Ashcroft, 384 F.3d 743, 750 (9th Cir.2004). We grant Huynh’s petition (No. 05-73446), but deny Nguyen’s (No. 05-73462).
1. Huynh contests the IJ’s determination that her convictions for knowingly using, transferring, acquiring, and possessing food stamps coupons of a value of $5,000 or more under 7 U.S.C. § 2024(b) and for conspiracy to traffic in food stamp coupons under 18 U.S.C. § 371 constitute crimes involving moral turpitude rendering her inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I). We review de novo the legal question of whether a crime involves moral turpitude. Carty v. Ashcroft, 395 F.3d 1081, 1083 (9th Cir.2005).
To determine whether either of Huynh’s crimes of conviction is a crime involving moral turpitude, we employ a two-step analysis, using first a categorical approach and then a modified categorical approach as outlined in Taylor v. United States, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) and Shepard v. United States, 544 U.S. 13, 16-17, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). See Navarro-Lopez v. Gonzales, 503 F.3d 1063, 1067 (9th Cir.2007) (en banc).
Here, the IJ determined that Huynh’s convictions were crimes involving moral turpitude because they involved fraud. A crime involves fraud under the categorical approach when the intent to defraud is explicit in the statutory definition or if the intent to defraud is implicit in the nature of the crime. Notash v. Gonzales, 427 F.3d 693, 698 (9th Cir.2005).
First, § 2024(b) provides in relevant part that “whoever knowingly uses, transfers, acquires, alters, or possesses benefits in any manner contrary to this Act [7 U.S.C. § 2011 et seq.] or the regulations issued pursuant to this Act [7 U.S.C. §§ 2011 et seq.] shall ... be guilty....” We hold that under a categorical approach, § 2024(b) is not a crime involving moral turpitude because it does not explicitly require an intent to defraud, nor is intent to defraud implicit in the nature of the crime. See Notash, 427 F.3d at 698. Moreover, because § 2024(b) does not contain the element of an intent to defraud, the court may not look to the record of conviction to determine whether under a modified categorical approach, Huynh was actually convicted of a crime involving moral turpitude. See Navam-Lopez, 503 F.3d at 1073.
The second statute under which Huynh was convicted, 18 U.S.C. § 371 provides that an individual can be convicted for “conspir[ing] either to commit any offense against the United States, or to defraud the United States.” “[A] conspiracy to commit an offense involves moral turpitude only when the underlying substantive offense is a crime involving moral turpitude.” Goldeshtein v. INS, 8 F.3d 645, 647 n. 6 (9th Cir.1993) (citing McNaughton v. INS, 612 F.2d 457, 459 (9th Cir.1980)). An individual may be convicted of conspiracy under § 371 for one of two underlying *652 offenses. However, only conspiracy to defraud the United States, and not conspiracy to commit any offense against the United States, explicitly involves an intent to defraud. Huynh’s crime of conviction therefore is not categorically a crime involving moral turpitude because the statute is broader than the generic definition of a crime involving moral turpitude. Huerta-Guevara v. Ashcroft, 321 F.3d 883, 887 (9th Cir.2003).
We therefore must look to the record of Huynh’s conviction, under the modified categorical approach, to determine if she was actually convicted of a conspiracy to commit a crime involving moral turpitude. Huynh’s plea agreement states that she pleaded guilty to conspiracy to traffic in food stamps, and nowhere states that Huynh admitted to an intent to defraud. Because, as discussed above, trafficking in food stamps is not a crime involving moral turpitude, Huynh was not convicted of a crime involving moral turpitude under a modified categorical approach.
We therefore hold that Huynh’s convictions did not render her inadmissible as alleged in the Notice to Appear, grant her petition, and remand so that the agency may terminate removal proceedings. Because Huynh is not inadmissible, we need not consider whether the IJ improperly determined that she was barred from relief through asylum, cancellation of removal, or a waiver of removal under INA § 212(h), or whether the IJ improperly denied withholding of removal and relief pursuant to the Convention Against Torture.[1]
2. Nguyen petitions this court to review the IJ’s determination that his 1992 state conviction for terroristic threatening, a violation of Hawaii Revised Statutes section 707 — 716(l)(d), was a crime involving moral turpitude rendering him inadmissible. Nguyen, however, failed to raise this issue before the BIA in both his Notice of Appeal and brief to the BIA. We therefore may not review this issue, because Nguyen has failed to exhaust his administrative remedies. 8 U.S.C. § 1252(d)(1); Serrano v. Gonzales, 469 F.3d 1317, 1319 (9th Cir.2006).
3. Nguyen next challenges the BIA’s retroactive application of the stop-time provision of 8 U.S.C. § 1229b(d)(l)(B) which rendered Nguyen ineligible for relief through cancellation of removal. Nguyen failed to contest the IJ’s application of the stop-time provision in his brief to the BIA, although he generally contested the cancellation of removal determination in his Notice of Appeal to the BIA. He therefore failed to exhaust his administrative remedies, and we therefore may not review the IJ’s application of the stop-time provision. 8 U.S.C. § 1252(d)(1); Abebe v. Mukasey, 554 F.3d 1203, 1207-08 (9th Cir.2009) (en banc).
4. Nguyen finally petitions for review of the IJ’s denial of a waiver of excludability under former INA § 212(c), *653 see 8 C.F.R. 1212.3(h), and a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h)(1)(B). However, whether Nguyen is eligible for relief under these provisions is a discretionary determination that we lack jurisdiction to review. Vargas-Hernandez v. Gonzales, 497 F.3d 919, 923 (9th Cir.2007) (citing 8 U.S.C. § 1252(a)(2)(B)(ii) (former § 212(c) relief)); 8 U.S.C. § 1252(a)(2)(B)(i) (§ 212(h) relief). Moreover, Nguyen raises no constitutional claims or questions of law with respect to these determinations over which we may exercise jurisdiction. See 8 U.S.C. § 1252(a)(2)(D). We therefore lack jurisdiction to review the IJ’s denial of the § 212(c) and § 212(h) waivers.
5. Huynh and Nguyen both argue that their procedural due process rights were violated because of the alleged ineffective assistance of their former counsel, who represented them through their appeals to the BIA. Understandably, they did not raise their ineffective assistance of counsel claim before the BIA. However, they failed to file motions to reopen so that the BIA would have an opportunity to consider their claims. Petitioners therefore have not exhausted their administrative remedies, and we may not review this issue. Liu v. Waters, 55 F.3d 421, 424 (9th Cir.1995).
Because we may not review any of the issues Nguyen raises, we deny his petition for review.
No. 05-73446: PETITION GRANTED and REMANDED.
No. 05-73462: PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We do note, however, that the IJ's determination that Huynh was convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), which was the basis for his determination that Huynh was barred from receiving cancellation of removal, a § 212(h) waiver, and asylum, is incorrect for the same reasons his crime involving moral turpitude determination was erroneous. The generic definition of an aggravated felony under § 1101(a)(43)(M)(i) requires that the crime of conviction involve fraud or deceit. Chang v. INS, 307 F.3d 1185, 1189 (9th Cir.2002), impliedly overruled on other grounds by Navano-Lopez, 503 F.3d 1063, 1073 (9th Cir.2007), as noted in Kawashinia v. Mukasey, 530 F.3d 1111, 1114 (9th Cir.2008). As discussed above, neither of Huynh's crimes of conviction involved fraud or deceit. Thus, the IJ improperly determined that Huynh had been convicted of an aggravated felony.