FILED

**NOT FOR PUBLICATION**

MAY 25 2010

**UNITED STATES COURT OF APPEALS**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

ESTELITO CARPIO ADIOVA, Jr.,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73361

Agency No. A047-899-129

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2010
San Francisco, California

Before: HUG and McKEOWN, Circuit Judges, and FAWSETT, Senior District
Judge.[**]

Estelito Carpio Adiova, Jr., native and citizen of the Philippines, petitions

this court to vacate the order of removal entered by the Immigration Judge ("IJ")

and affirmed by the Board of Immigration ("BIA"). In 2004, Adiova admitted to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Patricia C. Fawsett, Senior United States District
Judge for the Middle District of Florida, sitting by designation.

convictions under California Penal Code § 496(a) for receiving stolen property and California Health and Safety Code § 11377(a) for possession of a controlled substance. In 2007, he was again convicted under § 496(a). The IJ found Adiova removable because, *inter alia*, his two convictions under § 496(a) qualified as convictions for two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. 8 U.S.C. § 1227(a)(2)(A)(ii). The BIA affirmed the IJ's decision on this ground only, noting that a violation of § 496(a) is categorically a crime involving moral turpitude.

After the BIA rendered its decision, we held that a conviction for a violation of California Penal Code § 496(a) is not categorically a crime involving moral turpitude. Castillo-Cruz v. Holder, 581 F.3d 1154, 1161 (9th Cir. 2009). If a crime is not categorically a crime involving moral turpitude, the court must conduct a modified categorical analysis, considering only the record of conviction. Because the administrative record in this case does not contain the record of conviction, the government failed to prove that Adiova's conviction under § 496(a) qualifies as a crime involving moral turpitude under the modified categorical approach. We therefore grant the petition and vacate the removal order without remanding. Notash v. Gonzales, 427 F.3d 693, 700 (9th Cir. 2005).

**PETITION GRANTED.**