FILED

NOT FOR PUBLICATION

APR 07 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICK FEDERICO HERNANDEZ, | No. 14-71079 |
| Petitioner, | Agency No. A041-713-973 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 18, 2015
San Francisco, California

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

The government contends that Petitioner is removable because, in its view,

he was convicted of violating Alaska Stat. § 11.41.436(a)(2), and that statute

qualifies as "sexual abuse of a minor," an aggravated felony under 8 U.S.C. §

1101(a)(43)(A). The government, however, has not met its burden of proving

clearly, unequivocally, and convincingly that Petitioner was convicted under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

paragraph (a)(2). *See Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005). The amended indictment to which Petitioner pled guilty alleged only that Petitioner violated Alaska Stat. § 11.41.436. It neither specified "under which paragraph [Petitioner] was convicted," *Notash v. Gonzales*, 427 F.3d 693, 697 (9th Cir. 2005), nor "track[ed] the language" of paragraph (a)(2) "word-for-word," *United States v. Cabrera-Perez*, 751 F.3d 1000, 1006 (9th Cir. 2014). Indeed, the amended indictment omitted a critical element of paragraph (a)(2) — namely, that the encouraged sexual contact was "with another person."

Moreover, the government has failed to establish that the amended indictment could not provide a sufficient factual basis for a conviction under (a)(4), a paragraph that, like the amended indictment, omits the element "with another person" that (a)(2) contains. The amended indictment alleged that Petitioner was "16 years of age or older" and "encouraged . . . a person under 13 years of age[] to engage in sexual contact." Paragraph (a)(4) applies to offenders who were "16 years of age or older" and "encourage[d] a person who is under 16 years of age to engage in conduct described in AS 11.41.455(a)(2)–(6)." A "person under 13 years of age" is "a person who is under 16 years of age." The conduct contained within Alaska's definition of "sexual contact" overlaps with the "conduct described in AS 11.41.455(a)(2)–(6)." *See* Alaska Stat. § 11.81.900(b)(59)(A).

2

Finally, because the amended indictment omits "with another person," it would support a charge for encouraging the minor to engage in "sexual contact" through self-stimulation — a charge that is listed in paragraph (a)(4),[1] but that could not be brought under paragraph (a)(2). The BIA did not find and the government does not contend that paragraph (a)(4) qualifies as an aggravated felony. They rely exclusively on paragraph (a)(2).

In view of the above, the government has not met its burden of proving clearly, unequivocally, and convincingly that Petitioner was convicted of an aggravated felony. Accordingly, we grant the petition for review and remand for proceedings consistent with this disposition.

**GRANTED AND REMANDED.**

---

[1] Masturbation is among the "conduct described in AS 11.41.455(a)(2)–(6)," as it is listed in Alaska Stat. § 11.41.455(a)(4).

Hernandez v. Holder, No. 14-71079

GRABER, Circuit Judge, dissenting:

I dissent.

We all agree that a conviction under Alaska Statute section 11.41.436(a)(2) qualifies as "sexual abuse of a minor," an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). That crime is an aggravated felony because the statute in question (1) involves sexual conduct, (2) protects minors, and (3) requires abuse. See Pelayo-Garcia v. Holder, 589 F.3d 1010, 1014 (9th Cir. 2009) (citing United States v. Medina-Villa, 567 F.3d 507, 513 (9th Cir. 2009)) (listing those elements of the federal generic offense). The only question for decision is whether Petitioner's conviction fell under subsection (a)(2).

The government has established clearly, unequivocally, and convincingly, Santiago-Rodriguez v. Holder, 657 F.3d 820, 829 (9th Cir. 2011), that Petitioner was convicted under subsection (a)(2) of the relevant Alaska criminal statute. Indeed, in my view, it is not even permissible to infer that the conviction came under subsection (a)(4).

Only subsection (a)(2) contains the critical matters alleged and pleaded to here. The amended indictment specified that Petitioner was "16 years of age or older" when he committed the offense and that the victim was "a person under 13 years of age." Subsection (a)(2) is the only subsection that applies to a defendant

"16 years of age or older" who encourages a person "under 13 years of age"[1] to engage in sexual contact.  Perhaps even more crucially, the amended indictment charged Petitioner with encouraging the young victim to engage in "sexual contact," which is a statutorily defined term that is different from and narrower than the sexual "conduct" requirement incorporated by reference into subsection (a)(4).  Only subsection (a)(2) contains all three of those provisions:  a defendant 16 years of age or older, a victim under the age of 13, and sexual "contact."

The majority errs by relying on the amended indictment's omission of the phrase "with another person," which appears in subsection (a)(2).  Although an indictment that tracks the statute's text word for word is sufficient to meet the government's high burden of proof, United States v. Cabrera-Perez, 751 F.3d 1000, 1006 (9th Cir. 2014), word-for-word tracking is not necessary in order to meet that burden.  No case has so held, although the majority mistakenly implies that only naming the subsection or tracking word for word will do.  And here, where no other subsection fits the criteria that are listed, we know the answer without word-for-word quotation.

---

[1]  Factually, of course, a person who is under age 13 also is under age 16, but using the modified categorical approach we are to match the appropriate documents to the statute, not to the pleaded facts.  The only statutory subsection that specifies a victim under age 13 is (a)(2).

For the foregoing reasons, I would deny the petition for review.