MEMORANDUM *
The government contends that Petitioner is removable because, in its view, he was convicted of violating Alaska Stat. § 11.41.436(a)(2), and that statute qualifies as “sexual abuse of a minor,” an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). The government, however, has not met its *711 burden of proving clearly, unequivocally, and convincingly that Petitioner was convicted under paragraph (a)(2). See Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674, 679 (9th Cir.2005). The amended indictment to which Petitioner pled guilty alleged only that Petitioner violated Alaska Stat. § 11.41.436. It neither specified “under which paragraph [Petitioner] was convicted,” Notash v. Gonzales, 427 F.3d 693, 697 (9th Cir.2005), nor “track[ed] the language” of paragraph (a)(2) “word-for-word,” United States v. Cabrera-Perez, 751 F.3d 1000, 1006 (9th Cir.2014). Indeed, the amended indictment omitted a critical element of paragraph (a)(2)— namely, that the encouraged sexual contact was “with another person.”
Moreover, the government has failed to establish that the amended indictment could not provide a sufficient factual basis for a conviction under (a)(4), a paragraph that, like the amended indictment, omits the element “with another person” that (а)(2) contains. The amended indictment alleged that Petitioner was “16 years of age or older” and “encouraged ... a person under 13 years of age[ ] to engage in sexual contact.” Paragraph (a)(4) applies to offenders who were “16 years of age or older” and “encouragefd] a person who is under 16 years of age to engage in conduct described in AS 11.41.455(a)(2)-(6).” A “person under 13 years of age” is “a person who is under 16 years of age.” The conduct contained within Alaska’s definition of “sexual contact” overlaps with the “conduct described in AS 11.41.455(a)(2)-(б).” See Alaska Stat. § 11.81.900(b)(59)(A).
Finally, because the amended indictment omits “with another person,” it would support a charge for encouraging the minor to engage in “sexual contact” through self-stimulation — a charge that is listed in paragraph (a)(4),[1] but that could not be brought under paragraph (a)(2). The BIA did not find and the government does not contend that paragraph (a)(4) qualifies as an aggravated felony. They rely exclusively on paragraph (a)(2).
In view of the above, the government has not met its burden of proving clearly, unequivocally, and. convincingly that Petitioner was convicted of an aggravated felony. Accordingly, we grant the petition for review and remand for proceedings consistent with this disposition.
GRANTED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Masturbation is among the “conduct described in AS 11.41.455(a)(2)-(6),” as it is listed in Alaska Stat. § 11.41.455(a)(4).