# In re Mahesh Nenumal TEJWANI, Respondent

File A44 741 386 – Newark

*Decided February 22, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of money laundering in violation of section 470.10(1) of the New York Penal Law is a crime involving moral turpitude.

FOR RESPONDENT: Thomas E. Moseley, Esquire, Newark, New Jersey

FOR THE DEPARTMENT OF HOMELAND SECURITY: Charles Parker, Jr., Chief Counsel

BEFORE:   Board Panel: HOLMES, MILLER, and GRANT, Board Members.

GRANT, Board Member:

This matter was last before us on September 13, 2004, when we affirmed the decision of the Immigration Judge finding that the respondent had been convicted of a crime involving moral turpitude and ordering him removed to India. The respondent filed a petition for review of that decision with the United States Court of Appeals for the Third Circuit. The court granted the petition for review, vacated our decision, and remanded the record for a determination whether money laundering, as it is defined in the New York statute under which the respondent was convicted, is a crime involving moral turpitude. We now find that it is and will dismiss the respondent's appeal.[1]

The respondent is a native and citizen of India who was admitted to the United States as a lawful permanent resident in 1995. On November 30, 2000, the respondent pled guilty in New York to two counts of money laundering in the second degree, in violation of section 470.10(1) of the New York Penal Law. That section provided in relevant part:

> A person is guilty of money laundering in the second degree when that person exchanges or receives in exchange, in one or more transactions, one or more monetary instruments which are the proceeds of specified criminal conduct and have a total value exceeding ten thousand dollars for one or more other monetary instruments and/or equivalent property when that person knows that the monetary instrument or

---

[1] The respondent's request for oral argument is denied.

> instruments exchanged or received in exchange are the proceeds of *any criminal conduct* and that person:
>
> 1.  *intentionally makes the exchange to conceal* or disguise the nature, the location, the source, the ownership, or the control of such proceeds . . . .

N.Y. Penal Law § 470.10 (McKinney 1999) (emphasis added).[2]

In determining whether an alien was convicted of a crime involving moral turpitude, we use the categorical approach, focusing on the statute and the record of conviction, rather than on the specific act committed by the alien. *See De Leon-Reynoso v. Ashcroft*, 293 F.3d 633, 635 (3d Cir. 2002). Accordingly, we look to the elements of the respondent's statutory offense in order to determine whether the crime is one that necessarily involves moral turpitude, without considering the circumstances under which it was committed. *See Matter of Torres-Varela*, 23 I&N Dec. 78, 84 (BIA 2001).

Moral turpitude is conduct that is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed to other persons, either individually or to society in general. *See Matter of Robles*, 24 I&N Dec. 22, 25 (BIA 2006); *Matter of Danesh*, 19 I&N Dec. 669, 670 (BIA 1988). It generally involves conduct that is contrary to justice, honesty, or morality. *See De Leon-Reynoso v. Ashcroft*, *supra*, at 636. A crime that impairs and obstructs a function of a department of government by defeating its efficiency or destroying the value of its lawful operations by deceit, graft, trickery, or dishonest means is a crime involving moral turpitude. *See Matter of Jurado*, 24 I&N Dec. 29, 35 (BIA 2006) (citing *Matter of Flores*, 17 I&N Dec. 225, 229 (BIA 1980)); *see also Rodriguez v. Gonzales*, 451 F.3d 60, 64 (2d Cir. 2006); *Notash v. Gonzales*, 427 F.3d 693, 698-99 (9th Cir. 2005). Affirmative acts to conceal criminal activity and impede law enforcement have been found to be crimes involving moral turpitude. *See Matter of Robles*, *supra*, at 25-26; *see also Padilla v. Gonzales*, 397 F.3d 1016 (7th Cir. 2005); *Itani v. Ashcroft*, 298 F.3d 1213 (11th Cir. 2002).

Crimes containing as an element a specific intent to defraud always involve moral turpitude, but we have also determined that certain crimes are inherently fraudulent and involve moral turpitude even though they can be committed without proof of a specific intent to defraud. *See Matter of Flores*, *supra*, at 230 (finding that uttering or selling false or counterfeit papers relating to the registry of aliens with knowledge of their counterfeit nature was a crime involving moral turpitude because it inherently involved a deliberate deception of the Federal Government and an impairment of its lawful functions); *see also Carty v. Ashcroft*, 395 F.3d 1081 (9th Cir. 2005) (finding that tax evasion is a crime involving moral turpitude because an intent to evade is tantamount to an intent to defraud).

The crime of money laundering under section 470.10(1) of the New York Penal Law involves the exchange of monetary instruments that are known to

---

[2] The statute under which the respondent was charged was subsequently amended.

be the proceeds of "any criminal conduct" with the intent to conceal those proceeds. As the respondent notes, the statute provides that the proceeds may be from any criminal conduct, which, according to section 470.00(4) of the New York Penal Law, includes any crime under New York law. The respondent argues that the concealment of proceeds from a crime that does not necessarily involve moral turpitude cannot itself be a crime involving moral turpitude. He therefore asserts that the offense of money laundering under New York law is not necessarily a crime involving moral turpitude.

We are not persuaded by the respondent's argument. A person who deliberately takes affirmative steps to conceal or disguise the proceeds of criminal conduct acts in an inherently deceptive manner and impairs governmental function, specifically the ability to detect and combat criminal activity. Such interference in governmental function is inherently dishonest and contrary to accepted moral standards. As a number of courts have observed, the "'[c]oncealment of crime has been condemned throughout our history.'" *Fomby-Denson v. Dep't of Army*, 247 F.3d 1366, 1375 (Fed. Cir. 2001) (quoting *Roberts v. United States*, 445 U.S. 552, 557 (1980)). This is true regardless of whether the concealed offense is a crime involving moral turpitude. *See, e.g.*, *Matter of Robles*, *supra*.[3]

We note that the respondent's offense is distinguishable from the crime of causing a financial institution to fail to file currency transaction reports and structuring currency transactions to evade reporting requirements, which we considered in *Matter of L-V-C-*, 22 I&N Dec. 594 (BIA 1999) (overruling *Matter of Goldeshtein*, 20 I&N Dec. 382 (BIA 1991)). In that case, we distinguished convictions for currency structuring that involved benign nonreporting from those that involved deliberate attempts to deprive the Federal Government of information that would be valuable in combating criminal activity. We noted that a crime involving the deliberate cover-up of illegal activity would be a crime involving moral turpitude. *Id*. at 603. However, because not all the offenses under the statute involved such a deliberate concealment, we concluded that structuring was not categorically a crime involving moral turpitude.

Unlike the statute in *Matter of L-V-C-*, *supra*, section 470.10(1) of the New York Penal Law requires proof of a deliberate act to conceal illegal activity. We therefore find that a violation of that statute is categorically a crime involving moral turpitude. Because there are no other issues before us, we will dismiss the respondent's appeal.

**ORDER:** The appeal is dismissed.

---

[3] The proceeds that were the subject of the respondent's money laundering were from illegal drug sales, a fact that had been considered by the Immigration Judge in her determination that the respondent's crime involved moral turpitude. Given our decision that the act of deliberately concealing illegal activity is categorically a crime involving moral turpitude, the source of the proceeds concealed by the respondent is irrelevant.