[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11275
Non-Argument Calendar
_____

Agency No. A098-200-250

JORGE ALBERTO DE LA LUZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 20, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Jorge Alberto De La Luz is a native and citizen of Mexico. In August 2010, the Department of Homeland Security ("DHS") served him with a Notice to Appear, alleging that he was subject to removal pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being an alien present in the United States without having been admitted or paroled, and INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), for an alien who fraudulently sought admission into the United States. On January 7, 2011, while the removal proceeding was pending, Petitioner was convicted in federal court, following a bench trial, of visa fraud, in violation of 18 U.S.C. § 1546(a).[1] As a result, on June 22, 2011, DHS alleged that Petitioner was removable on an additional ground; under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), he was removable as an alien who had been convicted of a crime of moral

---

[1]  18 U.S.C. § 1546(a) states:

> Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained

commits visa fraud.  18 U.S.C. § 1546(a).

turpitude.[2]

Petitioner thereafter filed an application for asylum, withholding of removal under the INA, and relief under the Convention Against Torture ("CAT"). He also filed an application for cancellation of removal for non-permanent residents.[3] DHS countered that application with a motion to pretermit it.

Following an evidentiary hearing, an Immigration Judge ("IJ") sustained DHS's motion, concluding that Petitioner's conviction of a crime of moral turpitude barred cancellation of removal, and denied Petitioner's applications for asylum, withholding of removal and CAT relief.[4] The IJ denied withholding of removal because, among other things, Petitioner failed to demonstrate past persecution in Mexico or future persecution on account of a protected ground. His

---

[2] Under the INA, any alien who has been "convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude" is inadmissible. INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I).

[3] Under the INA, an non-permanent resident alien may be eligible for cancellation of removal if he can demonstrate that he: (A) has been physically present in the United States for the continuous period of no less than 10 years immediately preceding the date of the application; (B) has been a person of good moral character during such period; (C) has not been convicted of certain offenses, including those offenses under § 212(a)(2); and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. INA § 240A(b)(1)(A)-(D), 8 U.S.C. § 1229b(b)(1)(A)-(D).

[4] Petitioner's application for asylum was untimely. He therefore stipulated through counsel that he was barred from asylum.

fear of future persecution was based simply on "generalized conditions of crime and disorder" in Mexico, not on a statutory ground for relief. The IJ denied CAT relief because there was no evidence of past torture in Mexico or a clear probability of torture were Petitioner returned to that country.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal. It agreed with the IJ that Petitioner was inadmissible due to his fraud conviction; that DHS's motion to pretermit his application for cancellation was thus due to be granted; and that he failed to establish a basis for withholding of removal or CAT relief. He now petitions this court to review the BIA's decision.

Petitioner acknowledges that we lack jurisdiction to review any claim by an alien who, as he, "is removable by reason of having committed a criminal offense covered in section 1182(a)(2)." INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). At the same time, we retain jurisdiction to determine "whether the statutory conditions for limiting judicial review exist." *Keungne v. U.S. Att'y Gen.*, 561 F.3d 1281, 1283 (11th Cir. 2009). In doing so, we must determine whether a petitioner is "(1) an alien; (2) who is removable; (3) based on having committed a disqualifying offense." *Id.* (quotation omitted). We also have jurisdiction to consider constitutional claims or questions of law a petition for review raises.

4

INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).

Petitioner argues that we have jurisdiction over his petition for review because he is presenting a question of law. First, the BIA erred in concluding that he was statutorily ineligible for cancellation of removal because it impermissibly relied upon a "Factual Stipulation" (entered into evidence at his trial on the 18 U.S.C. § 1546(a) charge) to determine that his visa fraud conviction involved moral turpitude. Second, the BIA abused its discretion in denying his application for withholding of removal after determining that he failed to establish that he was a member of a particular social group. Third, the case should be remanded to the BIA because the IJ failed to give reasoned consideration to his CAT claim, and he submitted substantial evidence establishing that he would more likely than not be tortured if removed to Mexico. We address these arguments in order.

I.

Petitioner does not challenge the BIA's determination, based upon its precedent, that a conviction under 18 U.S.C. § 1546(a) is a crime involving moral turpitude if, as in his case, it involved the use of an altered immigration document.[5] Instead, he challenges the BIA's decision to rely on a Factual

---

[5] The BIA, citing precedent, *In re Serna*, 20 I. & N. Dec. 579 (1992), and *In re Flores*, 17 I. & N. Dec. 225 (BIA 1980), concluded that visa fraud is a crime involving moral turpitude. Petitioner does not contest the BIA's finding that visa fraud is an inherently fraudulent crime.

5

Stipulation to determine that his § 1546(a) conviction involved the use of such a document. His challenge is meritless.

The Factual Stipulation at issue is a central part of the record of petitioner's § 1546(a) conviction. *See Shepard v. United States*, 544 U.S. 13, 25-26, 125 S.Ct. 1254, 1262-63, 161 L.Ed.2d 205 (2005). The record reflects that the Factual Stipulation was to be an explicit finding by the District Court with Petitioner's assent. *See id.* At trial, the court accepted the Factual Stipulation and, based on it, adjudicated Petitioner guilty. The Factual Stipulation, signed by Petitioner and his attorney and the Special Assistant U.S. Attorney, expressly states that "the [g]overnment and [d]efendant stipulate to the facts of the offense conduct." The Factual Stipulation clearly reveals that Petitioner used a counterfeit lawful permanent residence card by submitting it to U.S. Customs and Border Protection as a supporting document for his application for an identification card. In sum, the BIA properly pretermitted Petitioner's cancellation of removal application.

## II.

To qualify for withholding of removal under the INA, the applicant must

---

His argument, as indicated in the following text, is that the BIA should not have considered the Factual Stipulation as evidence that he admitted the essential element of a crime involving moral turpitude.

6

show that if returned to his country, his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion."  INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The applicant must demonstrate that it is more likely than not that he will be persecuted upon removal to his country.  *Tan*, 446 F.3d at 1375. When an appellant fails to offer argument on an issue, that issue is abandoned.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

In denying Petitioner's application for withholding of removal, the BIA concluded that he failed to establish that he was a member of a particular social group because his proposed group lacked the requisite social visibility.  In his brief to us, Petitioner offers nothing more than a conclusory statement that the BIA erred in determining that he failed to establish that he was a member of a particular social group.  Because he failed to offer any argument on the particular social group issue, he has abandoned it.  *See Sepulveda,* 401 F.3d at 1228 n.2. Accordingly, we dismiss De La Luz's petition as to his withholding of removal claim.

### III.

"To establish eligibility for CAT relief, an applicant must show that it is more likely than not that he will be tortured by, or with the acquiescence of,

government officials if returned to the designated country of removal." *Todorovic v. U.S. Att'y Gen.*, 621 F.3d 1318, 1324 (11th Cir. 2010); 8 C.F.R. § 208.16(c)(2).

The BIA and IJ gave reasoned consideration to Petitioner's application for CAT relief and the evidence bearing thereon. The application was based upon the same operative facts and the same evidence as his application for withholding of removal. The BIA expressly affirmed the IJ's conclusion that Petitioner failed to establish that he would more likely than not be tortured in Mexico by, or with the acquiescence of, government officials. The IJ entered into evidence the country and human rights reports and articles that Petitioner submitted. In denying withholding of removal, the IJ noted that this background evidence showed that there had been an increase in violence in Mexico due to the activity of organized crime, specifically drug trafficking. The IJ also noted that Petitioner had testified that he believed that the Mexican police were corrupt, but ultimately concluded that there was no evidence that the Mexican officials would acquiesce or participate in his torture.

For the reasons above, we dismiss the petition in part for lack of jurisdiction and deny the petition in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**