# Matter of Raul ZARAGOZA-VAQUERO, Respondent

*Decided September 23, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of criminal copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A) (2012) and 18 U.S.C. § 2319(b)(1) (2012) is a crime involving moral turpitude.

FOR RESPONDENT:  Pablo Rocha, Esquire, Harlingen, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:　Meggan G. Johnson, Associate Legal Advisor; Jose R. Solis, Assistant Chief Counsel

BEFORE:  Board Panel:  PAULEY, MALPHRUS, and MULLANE, Board Members.

MULLANE, Board Member:

In a decision dated March 18, 2015, an Immigration Judge found the respondent removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(A)(6)(A)(i) (2012), pretermitted his application for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2012), and ordered him removed from the United States.  The respondent has appealed from the Immigration Judge's decision.  The panel heard oral argument in this matter on November 19, 2015.  The appeal will be dismissed.

It is undisputed that the respondent was convicted on October 31, 2012, of one count of criminal infringement of a copyright, a felony offense, in violation of 17 U.S.C. § 506(a)(1)(A) (2012) and 18 U.S.C. § 2319(b)(1) (2012), for which he was sentenced to 33 months in prison and ordered to pay $36,000 in restitution.[1]  According to 17 U.S.C. § 506(a)(1),

> Any person who willfully infringes a copyright shall be punished as provided under section 2319 of title 18, if the infringement was committed—
> (A) for purposes of commercial advantage or private financial gain . . . .

---

[1]  Because it is undisputed that the respondent was convicted under 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1), we need not decide whether a violation of 17 U.S.C. § 506(a)(1)(B) or (C) is a crime involving moral turpitude.

In turn, 18 U.S.C. § 2319(b) provides as follows:

> Any person who commits an offense under section 506(a)(1)(A) of title 17—
>    (1) shall be imprisoned not more than 5 years, or fined in the amount set forth in this title, or both, if the offense consists of the reproduction or distribution, including by electronic means, during any 180-day period, of at least 10 copies or phonorecords, of 1 or more copyrighted works, which have a total retail value of more than $2,500 . . . .

The Immigration Judge concluded that the respondent was convicted of a crime involving moral turpitude under section 212(a)(2)(A)(i)(I) of the Act, which rendered him statutorily ineligible for cancellation of removal pursuant to section 240A(b)(1)(C).

It is the respondent's burden of proof to establish that he satisfies the applicable eligibility requirements for cancellation of removal. *See* section 240(c)(4)(A)(i) of the Act, 8 U.S.C. § 1229a(c)(4)(A)(i) (2012). Therefore, to be statutorily eligible for cancellation of removal, the respondent must demonstrate that his conviction for criminal copyright infringement was not a crime involving moral turpitude under section 212(a)(2)(A)(i)(I) of the Act. Moral turpitude refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to accepted rules of morality and the duties owed between persons or to society in general. *See Cisneros-Guerrero v. Holder*, 774 F.3d 1056, 1058 (5th Cir. 2014); *Nino v. Holder*, 690 F.3d 691, 694 (5th Cir. 2012). To determine whether a criminal offense involves moral turpitude, we ordinarily look to the nature of the crime, rather than the specific conduct that resulted in the conviction. *See Okabe v. INS*, 671 F.2d 863, 865 (5th Cir. 1982); *Matter of Torres-Varela*, 23 I&N Dec. 78, 84 (BIA 2001). Furthermore, "the nature of a crime is measured against contemporary moral standards and may be susceptible to change based on the prevailing views in society." *Matter of Lopez-Meza*, 22 I&N Dec. 1188, 1192 (BIA 1999).

The respondent conceded that he has been convicted of reproducing and distributing infringing copies for commercial advantage or private financial gain in violation of 17 U.S.C. § 506(a)(1)(A). Criminal copyright law is distinct from civil copyright law, and not every infringement is a criminal offense. Criminal copyright infringement under that statute requires the Government to prove that the defendant *willfully* infringed the copyright. *See United States v. Goss*, 803 F.2d 638, 642 (11th Cir. 1986). The term "willfully," as it is used in 17 U.S.C. § 506(a), means that the defendant committed a "voluntary, intentional violation of a known legal duty." *United States v. Liu*, 731 F.3d 982, 990 (9th Cir. 2013) (quoting *Cheek v. United States*, 498 U.S. 192, 201 (1991)). According to 17 U.S.C.

815

§ 506(a)(2), "[E]vidence of reproduction or distribution of a copyrighted work, by itself, shall not be sufficient to establish willful infringement of a copyright."

The willfulness standard is significant because a criminal copyright infringement prosecution cannot be sustained based on negligence, recklessness, or even general intent. One reason given for the creation of this heightened standard was that it would ensure that "an educator who in good faith believes that he or she is engaging in a fair use of copyrighted material could not be prosecuted." 143 Cong. Rec. 26,420–21 (1997). Certain uses of copyrighted materials are not violations of 17 U.S.C. § 506(a)(1)(A) where they involve the "fair use" or "first sale" of a copyrighted work.[2]

We have long held that certain theft offenses are crimes involving moral turpitude. *See, e.g.*, *Matter of Jurado*, 24 I&N Dec. 29, 33 (BIA 2006). Crimes that require intent to defraud are also crimes involving moral turpitude. *Jordan v. De George*, 341 U.S. 223, 229 (1951) (observing "that fraud has consistently been regarded as such a contaminating component in any crime that American courts have, without exception, included such crimes within the scope of moral turpitude"). Other crimes that are inherently fraudulent involve moral turpitude even if the crime does not require specific intent to defraud. *See, e.g.*, *Matter of Tejwani*, 24 I&N Dec. 97, 98 (BIA 2007). In *Matter of Flores*, 17 I&N Dec. 225, 228–30 (BIA 1980), we held that the offense of uttering or selling false or counterfeit paper relating to the registry of aliens in violation of 18 U.S.C. § 1426(b) (1976) was a crime involving moral turpitude, even though the Government was not required to prove that the offender had the specific intent to defraud.[3]

---

[2] Both the "fair use" and "first sale" doctrines are statutory limitations on the exclusive rights of the copyright holder. *See generally Dowling v. United States*, 473 U.S. 207, 217 (1985); *Goss*, 803 F.2d at 643–44. The "fair use doctrine" provides that the unauthorized use of copyrighted works "for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107 (2012). Thus, it permits the unauthorized use of copyrighted material under certain circumstances, such as where there is a useful or beneficial purpose and the impact on the market for the work is minimal. Additionally, the "first sale" doctrine entitles "the owner of a particular copy or phonorecord lawfully made under [title 17 of the United States Code], or any person authorized by that owner . . . , without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord." 17 U.S.C. § 109(a) (2012).

[3] The respondent contends that his conviction for criminal copyright infringement is not for a crime involving moral turpitude because fraud is not an element of 17 U.S.C. § 506(a)(1)(A). However, we have never held that intent to defraud is a required element for an offense to be a crime involving moral turpitude.

We relied on *Matter of Flores* in *Matter of Kochlani*, 24 I&N Dec. 128, 131 (BIA 2007), where we held that the offense of trafficking in counterfeit goods or services under 18 U.S.C. § 2320 (2000), which includes the use of a "spurious" or "counterfeit mark," is a crime involving moral turpitude because it "involves the theft of someone else's property in the form of a trademark." Based on our prior theft and fraud cases, we concluded there that trafficking in counterfeit goods "is in many ways analogous to the offense of uttering or selling false or counterfeit papers relating to the registry of aliens under 18 U.S.C. § 1426(b)." *Id.* This was so because both crimes involve traffic in false or counterfeit items; require proof of intent to traffic, coupled with knowledge that the items are counterfeit; and result in significant societal harm. *Id.* We also noted that "trafficking in counterfeit goods is inherently immoral because it entails dishonest dealing and deliberate exploitation of the public and the mark owner." *Id.*

Under this reasoning, it follows that criminal copyright infringement under 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1) must also be a crime involving moral turpitude. Like 18 U.S.C. § 2320, the provision at issue in *Matter of Kochlani*, the respondent's statutes of conviction were enacted to protect a form of intellectual property. Also, like an offense under 18 U.S.C. § 2320, a violation of 17 U.S.C. § 506(a) must be committed willfully, meaning that a defendant must voluntarily and intentionally violate a known legal duty not to infringe a copyright. We therefore conclude that criminal copyright infringement is closely analogous to the theft and fraud crimes that we have consistently held are crimes involving moral turpitude. *See* U.S. Sentencing Guidelines Manual § 2B5.3 cmt. background (U.S. Sentencing Comm'n 2015) (treating criminal copyright infringement "much like theft or fraud").

Moreover, like the use of a spurious trademark in *Matter of Kochlani*, the respondent's copyright infringement also involves significant societal harm. Congress has made clear that copyright infringement enforcement is an important priority and that the risks and costs associated with intellectual property crime are significant. It therefore expanded the criminal copyright infringement provisions of 18 U.S.C. § 2319 to include felony provisions in the Piracy and Counterfeiting Amendments Act of 1982, Pub. L. No. 97-180, § 3, 96 Stat. 91, 92.

As the legislative history to those amendments indicates, Congress noted that piracy and counterfeiting activities had developed "into a highly sophisticated, billion-dollar-a-year business" that harmed the film and recording industries, including actors, artists, and musicians, as well as consumers who were tricked into purchasing inferior counterfeit products at full prices. S. Rep. No. 97-274, at 3 (1981). The "theft of intellectual property" was therefore characterized as "a major white collar crime."

*Id.* at 4 (quoting a statement from the Department of Justice). Congress also stated that "substantial penalties [were] necessary to deter the criminal and to encourage prosecutors and judges to view these activities as serious crimes." *Id.* at 7. More recently, in the Prioritizing Resources and Organization for Intellectual Property Act of 2008, Pub. L. No. 110-403, § 501, 122 Stat. 4256, 4277–78, Congress ordered a report from the Government Accountability Office, which determined that intellectual property crimes cause negative effects on health, safety, and lost revenue and increase the cost of protecting and enforcing intellectual property rights. *See* U.S. Government Accountability Office/GAO-10-423, *Intellectual Property: Observations on Efforts to Quantify the Economic Effects of Counterfeit and Pirated Goods* 9–14 (Apr. 2010).

Finally, the respondent raised concerns at oral argument about the potential scope of criminal copyright infringement enforcement, arguing that the statute could extend to a student tutoring other students. The respondent's concerns about the breadth of 17 U.S.C. § 506(a)(1)(A) are misplaced. As previously discussed, criminal copyright law is distinct from civil copyright law and not every infringement will qualify as a criminal offense. For example, the "fair use" doctrine would protect a student tutor's educational use of copyrighted material. Moreover, as noted above, § 506(a)(1)(A) requires the Government to prove beyond a reasonable doubt that the defendant willfully infringed on the copyright and did so for commercial advantage or personal financial gain. We are therefore not persuaded by the respondent's arguments regarding the scope of 17 U.S.C. § 506(a)(1)(A).

For these reasons, we conclude that the offense of criminal copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1) is a crime involving moral turpitude. Therefore, the respondent has not established that he is eligible for cancellation of removal under section 240A(b)(1)(C) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.