Parris v. Whitaker

BIA
Montante, IJ
A030 829 477

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand eighteen.

PRESENT:
>    REENA RAGGI,
>    PETER W. HALL,
>    RICHARD J. SULLIVAN,
>        *Circuit Judges.*

_____

LAWRENCE PARRIS,
>        *Petitioner,*

>    v.                                                    17-3482

MATTHEW G. WHITAKER,
ACTING UNITED STATES ATTORNEY
GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Stephen K. Tills, Orchard Park, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Brianne Whelan
                         Cohen, Senior Litigation Counsel;
                         Robbin K. Blaya, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition is DENIED.

Petitioner Lawrence Parris, a native and citizen of Trinidad and Tobago, seeks review of a September 29, 2017 decision of the BIA affirming a December 12, 2013 decision of an Immigration Judge ("IJ") ordering Parris's removal, and finding him ineligible for relief therefrom. *In re Lawrence Parris,* No. A 030 829 477 (B.I.A. Sept. 29, 2017), *aff'g* No. A 030 829 477 (Immig. Ct. Buffalo Dec. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision to affirm.

We have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Although our review is limited to constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(C)-(D), Parris's removability and statutory eligibility for relief from removal are questions of law that we review *de novo*, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

In 1994, Parris was convicted of first-degree robbery under New York Penal Law ("NYPL") § 160.15(3) and sentenced to three to nine years' imprisonment. After serving his term of imprisonment, Parris began a career as an airplane mechanic. In 2003, he was convicted under 18 U.S.C. § 1036 of entering or attempting to enter

2

the secure area of an airport by fraud or false pretenses, specifically, lying about his robbery conviction, and was sentenced to one year of probation. In 2008, on returning from abroad, Parris was placed in removal proceedings based on his criminal convictions, both of which were charged as crimes involving moral turpitude ("CIMT"s). *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

The sole issue on appeal is whether Parris's 2003 conviction for entry by false pretenses pursuant to 18 U.S.C. § 1036(a)(3) is a CIMT.[1]  If so, this conviction renders Parris removable and bars relief under former Immigration and Nationality Act § 212(c). *See Matter of Abdelghany*, 26 I. & N. Dec. 254, 261 (B.I.A. 2014) ("[S]ection 212(c) relief is unavailable to any individual in . . . removal proceedings who is removable by virtue of pleas or convictions entered on or after April 1, 1997.").

"We afford *Chevron* deference to the BIA's construction of undefined statutory terms such as 'moral turpitude' because of the BIA's expertise applying and construing the immigration laws." *Rodriguez v. Gonzales*, 451 F.3d 60, 63 (2d Cir. 2006); *see Chevron,*

---

[1] The agency also determined that Parris's robbery conviction was an aggravated felony that barred cancellation of removal. *See* 8 U.S.C. §§ 1101(a)(43)(F), 1229b(a)(3). Parris has waived any challenge to the aggravated felony determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).  In any event, Parris's conviction for first-degree robbery under New York Penal Law § 160.15(3) is a crime of violence as defined in 18 U.S.C. § 16(a). *Stuckey v. United States*, 878 F.3d 62, 70 (2d Cir. 2017) (holding that NYPL § 160.15(3) is a "violent felony" under similar provision of Armed Career Criminal Act).

*U.S.A, Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984). A CIMT is an offense involving "conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Rodriguez*, 451 F.3d at 63 (quoting *Hamdan v. I.N.S.*, 98 F.3d 183, 186 (5th Cir. 1996)). The definition encompasses "crimes 'impairing or obstructing an important function of a department of the government by defeating its efficiency or destroying the value of its lawful operations by deceit, graft, trickery, or dishonest means.'" *Id.* (brackets omitted) (quoting *Matter of Flores*, 17 I. & N. Dec. 225, 229 (B.I.A. 1980)). In *Rodriguez*, we deferred to the BIA's CIMT definition in the context of crimes that impair government functions and held that a petitioner's conviction for making a materially false statement on a passport application is a CIMT because the statute "involves deceit and an intent to impair the efficiency and lawful functioning of the government." *Id.* at 64.

Although we defer to the BIA's definition of a CIMT, we review *de novo* whether § 1036(a)(3) falls within that definition. *Id.* at 63. We apply the categorical approach, focusing on "the intrinsic nature of the offense rather than on the factual circumstances surrounding any particular violation." *Id.* (quoting *Gill v. I.N.S.*, 420 F.3d 82, 89-90 (2d Cir. 2005)). Thus, we look to the elements of the statute of conviction to determine whether

4

a given crime is a CIMT. *Gill*, 420 F.3d at 90; *see also Matter of Silva-Trevino*, 26 I. & N. Dec. 826, 831 (B.I.A. 2016).

The statute of conviction applicable to Parris provides that "[w]hoever, by any fraud or false pretense, enters or attempts to enter . . . any secure area of any airport" is subject to a fine or up to 6 months' imprisonment, or both. 18 U.S.C. § 1036(a)(3), (b)(2) (2003). The statute defines "secure area" as "an area access to which is restricted by the airport authority or a public agency." *Id*. § 1036(c)(1).

Section 1036(a)(3)'s requirement that entry be obtained through fraud or false pretenses satisfies the "deceit or dishonesty" component of the CIMT definition because it necessarily involves "an affirmative act calculated to deceive the government." *Rodriguez*, 451 F.3d at 63 (quoting *Flores*, 17 I. & N. Dec. at 229). As we held in *Rodriguez*, an intent to deceive, coupled with some impairment of government functioning, whether intended or not, satisfies the mental culpability requirement for a CIMT. *Id*. The unauthorized entry into a secure area of an airport necessarily impairs the important government function of maintaining airport security. Legislative history shows that the purpose of § 1036, which was enacted as part of the Enhanced Federal Security Act of 2000, was to increase airport security. *See* Pub. L. No. 106-547, 114 Stat. 2738; *see also* H.R. Rep. No. 106-913 (2000) (floor statements that undercover agents evaded

5

security at two major national airports using fake credentials); 146 Cong. Rec. H8570-71 (Oct. 2, 2000) (Statement of Rep. Canady) ("This bill is an important step towards closing a major gap in security that currently exists at our Nation's most secure buildings and airports . . . [w]e must do all that we can to thwart and punish those who would threaten our public safety and national security."). Because the statute requires both the use of deception and an intent to gain unauthorized entry into a secure area, and because this unauthorized entry necessarily impairs the government's interest in protecting airport security, Parris's conviction is a CIMT. *See Rodriguez*, 451 F.3d at 64–65 (concluding that conviction was a CIMT because petitioner intended to obtain a U.S. passport by falsely representing himself as a U.S. citizen, and that act necessarily impaired the passport office's functioning, even absent intent to harm the government).

We have considered Parris's remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED.

<div style="margin-left: 40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

6